UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM CATO SELLS, JR., )<br>  )<br>Petitioner, )<br>  )<br>vs. )<br>  )<br>ELDON K. McDANIEL, *et al.*, )<br>  )<br>Respondents. )<br>_____/ | 3:05-cv-0072-LRH-RAM<br><br>**ORDER** |

On October 24, 2005, the Court entered an Order denying the habeas corpus petition in this case (docket #20). Judgment was entered on the same day (docket #21).

Subsequently, petitioner filed a Notice of Appeal and an Application for Certificate of Appealability" (#22 and #23). Respondents have opposed the Request for Certificate of Appealability (#25).

Petitioner has also filed the appropriate motion for leave to proceed *in forma pauperis* on appeal (docket #26). Based on the information that petitioner has submitted with that application, the Court will grant petitioner leave to proceed *in forma pauperis* on appeal. Petitioner will not be required to prepay any portion of the $255 filing fee for his appeal.

The Court will, however, deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The petitioner has not met this standard.

The Court finds that, in view of well established law, jurists of reason would not find debatable whether petitioner raised any valid claims of a denial of a constitutional right and jurists of reason would not debate the court's procedural rulings. The petition challenges the procedures and outcome of a disciplinary hearing where petitioner was convicted of tampering with a lock and was penalized by loss of good time credits.

Petitioner alleges in his proposed issues on appeal that this Court abused its discretion in denying the petition, by failing to order production of a tape recording of the disciplinary proceeding and committed plain error in failing to address petitioner's claim that the prison regulation fails to provide adequate notice of prohibited activities, that the hearing officer was biased and retaliated against petitioner for his attempts to present a defense. Finally, petitioner alleges the court demonstrated bias and partiality toward the respondents for failing to appoint counsel to assist him and by failing to conduct an evidentiary hearing.

Petitioner has, however, failed to meet his burden of showing that he raises a valid claim of a denied constitutional right. The disciplinary hearing at question was conducted in conformity with the requirements of due process as set forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). The Nevada Supreme Court applied the proper federal legal standard in its decision. Petitioner's arguments as to the constitutional requirements for due process

are inaccurate and misapplied.  Jurists of reason would not debate the issue.  Moreover, petitioner's other claims on appeal are simply conclusory allegations unsupported by law or fact.

The certificate of appealability should be denied.

**IT IS THEREFORE ORDERED** that petitioner's Application to Proceed *in Forma Pauperis* on appeal (docket #26) is **GRANTED**.  Petitioner shall not be required to make any prepayment of the filing fee for his appeal.

**IT IS FURTHER ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #23) is **DENIED**.

Dated this 9th day of January, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE